UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANN BURTON,

                        Plaintiff,

      -against-

SILVERCREST CENTER FOR NURSING
AND REHABILITATION, *et al.*,

                       Defendants.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 21 2011
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

11-CV-1417 (SLT) (LB)

**TOWNES, United States District Judge**:

      Discovery in this action has been contentious. Over the last six months, Magistrate Judge Bloom has conducted at least three conferences and issued no fewer than seven orders. *See* Orders dated July 12, 2011 (Docket Entry # 18); July 28, 2011 (Docket Entry # 21); Aug. 16, 2011 (Docket Entry # 25); Aug. 30, 2011 (Docket Entry # 30); Sept. 1, 2011 (Docket Entry # 31); Oct. 17, 2011 (Docket Entry # 38); and Nov. 1, 2011 (Docket Entry # 40). In addition, defendants' counsel has filed a letter dated November 8, 2011, seeking a pre-motion conference for the purpose of making a motion to dismiss this case pursuant to Rules 37 and 41(b) of the Federal Rules of Civil Procedure, principally alleging that plaintiff violated Judge Bloom's orders by leaving her October 31, 2011, deposition prematurely.

      On November 11, 2011, this Court received from plaintiff a submission dated November 9, 2011. Although the submission is entitled, "Plaintiff's Objections," it appears to be addressed to "Hon. Carol Amon," the Chief Judge of the United States District Court for the Eastern District of New York. The submission contains thirteen numbered paragraphs, more than half of which relate to events which occurred at the October 31, 2011, deposition. However, several paragraphs allude to discovery rulings made prior to that date.

As a preliminary matter, this Court must characterize this submission. Because the submission is addressed to the Chief Judge and entitled, "Plaintiff's Objections," it seems likely that plaintiff intended to seek the Chief Judge's intervention in this matter. However, as she herself has previously informed plaintiff, the Chief Judge has no jurisdiction over this matter. If plaintiff is dissatisfied with Judge Bloom's rulings on discovery or other non-dispositive issues, her sole remedy is to file objections with this Court pursuant to Rule 72 of the Federal Rules of Civil Procedure. Those objections must be made within 14 days after plaintiff is served with a copy of the magistrate judge's order, and specify both the portion of the order to which objection is made and the ground for making the objection. *See* Fed. R. Civ. P. 72(a).

To the extent that the instant submission contains objections to any of the six orders issued by Judge Bloom between July 12 and October 17, 2011, such objections would be untimely. *See id.* Moreover, to the extent that the instant submission seeks to challenge particular rulings made during the October 31, 2011, telephone conference or in the November 1, 2011, order which summarized those rulings, the submission fails to identify adequately the ruling to which objection is made or to articulate the legal ground for making the objection.

This Court recognizes the possibility that this submission is, in part, a response to defendants' pre-motion conference request dated November 8, 2011. However, this Court does not require that a party request a pre-motion conference prior to moving to dismiss pursuant and Fed. R. Civ. P. 37 and/or 41. Rather, this Court's Individual Motion Practices and Rules require that a party, other than a *pro se* litigant, request a pre-motion conference with the Court before making a motion for summary judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 56, a motion to dismiss pursuant to FRCP 12, a motion for a change of venue, or a motion to amend a pleading pursuant to FRCP 15. *See* Individual Motion Practices

& Rules of Hon. Sandra L. Townes, § III.A. In addition, while defendants' counsel implies that a pre-motion conference is required by "Rules 6.4 and 37.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York," no such requirement is contained in these Local Civil Rules.[1] Accordingly, to the extent that any portion of the instant submission constitutes a response to defendants' pre-motion conference request, there is no need to consider it.

## *CONCLUSION*

To the extent that plaintiff's submission dated November 9, 2011, and entitled, "Plaintiff's Objections," contains objections to any of the six orders issued by Judge Bloom between July 12 and October 17, 2011, such objections are untimely. To the extent that plaintiff's submission seeks to challenge particular rulings made during the October 31, 2011, telephone conference or in the November 1, 2011, order which summarized those rulings, the submission fails to identify adequately the rulings to which objection is made or to articulate the legal ground for making the objection. Finally, to the extent that any portion of plaintiff's submission constitutes a response to defendants' pre-motion conference request dated November 8, 2011, there is no need to consider it since no pre-motion conference is required.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: November 18, 2011
       Brooklyn, New York

---

[1] A pre-motion conference may be required under Local Civil Rule 37.2, which provides, in pertinent part, that "[n]o motion under Rule[] . . . 37 . . . of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter . . . ." However, Local Civil Rule 37.2 applies only in the United States District Court for the Southern District of New York.