UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANN BURTON,

              Plaintiff,

-against-

ERIC K. SHINSEKI, *et al.*,

              Defendants.

**ORDER**

10 CV 5318 (SLT) (LB)

-----------------------------------------------------------x
ANN BURTON,

              Plaintiff,

-against-

AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES (AFGE) 1988, *et al.*,

              Defendants.

11 CV 1416 (SLT) (LB)

-----------------------------------------------------------x
ANN BURTON,

              Plaintiff,

-against-

SILVERCREST CENTER FOR NURSING AND
REHABILITATION, *et al.*,

              Defendants.

11 CV 1417 (SLT) (LB)

-----------------------------------------------------------x
ANN BURTON,

              Plaintiff,

-against-

WHITE GLOVE PLACEMENT, INC., *et al.*,

              Defendants.

11-CV-4072 (SLT) (LB)

-----------------------------------------------------------x

**TOWNES, United States District Judge:**

      On November 30, 2011, plaintiff Ann Burton, proceeding *pro se,* submitted four proposed orders which would, among other things, direct the defendants in each of the above-referenced cases to show cause why this Court should not issue a preliminary injunction prohibiting them from engaging in various criminal acts. Specifically, each of plaintiff's proposed orders would direct that

the defendants show cause why this Court should not enter an order pursuant to Fed. R. Civ. P. 65 enjoining defendants from engaging in "death threats and attempts, unlawful terroristic daily home invasions, stalking, theft of case documents and personal property, theft of money, damage to plaintiff's property, gaslighting, counterfeiting plaintiff's handwriting, mail and telephone interception, computer hacking, food and water tampering, harassment and obstruction of justice...." Proposed Orders to Show Cause at 1-2. The proposed orders also request that this Court "issue an Order of Protection and Restraining Order ...." *Id.* at 2.

"[A] preliminary injunction is an extraordinary remedy that should not be granted as a routine matter." *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990). To obtain a preliminary injunction, the moving party must show "that 1) absent injunctive relief, it will suffer irreparable harm, and 2) either a) that it is likely to succeed on the merits, or b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir. 1999), *see also Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

Plaintiff has not met this exacting standard. The only document submitted in support of each of plaintiff's applications is a three-page document entitled, "Memorandum of Law in Support of Order to Show Cause for Preliminary Injunction and Temporary Restraining Order" (collectively, the "Memoranda"). Although each Memorandum of Law is signed by plaintiff and begins with a sentence in which plaintiff states that she is "making the following affirmation under the penalties of perjury," none of the documents provide evidence that any of the defendants committed any of the criminal acts listed in the proposed orders. Indeed, since all of the Memoranda are essentially identical and since none of the Memoranda provide evidence of specific actions by any of the

defendants, it is readily apparent that plaintiff does not know which, if any, of the defendants is responsible for the alleged criminal acts.

Moreover, the Memoranda do not contain proof that plaintiff will suffer immediate, irreparable harm absent injunctive relief. Plaintiff states that she sustained an unspecified and undocumented "major injury" after her tap water was "tainted" on August 1, 2011, and that she now "fears for her life." Memoranda at 2. The Memoranda do not suggest, however, that any criminal activities have occurred over the last four months or that criminal activities are likely to recur in the immediate future. Furthermore, even if plaintiff could provide proof that defendants were still engaging in, or about to engage in, criminal activity, this Court's injunction would not appreciably add to the deterrent effect of the New York Penal Law, which already prescribes criminal sanctions for the activities alleged by plaintiff.

## CONCLUSION

For the reasons stated above, plaintiff's applications for temporary restraining orders and for orders to show cause in the four above-referenced cases are denied. To the extent that plaintiff can provide proof that one or more of the defendants in these actions has engaged in criminal activity, she should contact the police or district attorney for the county in which the acts occurred. They alone have the power to arrest the defendants in connection with these criminal actions and to issue the Order of Protection which plaintiff seeks.

**SO ORDERED.**

/s/ SANDRA L TOWNES
United States District Judge

Dated: November 30, 2011
Brooklyn, New York

3