ORIGINAL

United States District Court
Eastern District of New York

Ann Burton,
        Plaintiff,

— against —

Schnercrest Center for Nursing
and Rehabilitation, et al.,
        Defendants.

Objection To Order
11-CV-1417 (SLT)(LB)



RECEIVED
NOV 29 2011
PRO SE OFFICE

Judge Townes, U.S. District Judge:

Pltf objects to Judge Townes Memorandum and Order dated November 18, 2011 and received November 22, 2011, as follows:

1) Discovery has been contentious and biased. Among Orders dated July 12, 2011 (Docket Entry #18); July 28, 2011 (Docket Entry #21); Aug 16, 2011 (Docket Entry #25); Aug. 30, 2011 (Docket Entry #30); Sept. 1, 2011 (Docket Entry #31); Oct. 17, 2011 (Docket Entry #38); and Nov. 1, 2011 (Docket Entry #40) of which pltf is not in receipt, approximately fourteen (14) Orders were issued to pltf, and four (4) Orders were issued to defts who have failed to even respond to pltf's objections or the Courts Order 15.

2) Pltf is not in receipt of defts' alleged letter filed on

—1—

November 8, 2011, seeking a pre-motion conference... to dismiss this case pursuant to Rules 37 and 41(b) of the FRCP, that pltf violated Judge Blooms' orders by leaving her Oct. 31, 2011, deposition prematurely.

Judge Blooms' orders were in error pursuant to FRCP Rule 30 which pltf objected to on Oct. 31, 2011. In addition MJ Blooms orders that since mold and mildew and gas in pltfs apartment is making her ill, that's more of a reason for pltf to want to stay at the deposition environment, for seven (7) hours, as opposed to going home, in violation of FRCP Rule 30. Although I am appalled to the Courts insensitivity and unlawful Orders, I am not surprised.

In addition, pltf requests an extension, to respond to dfts' alleged Nov. 8, 2011 filing, to Dec. 30, 2011, with her objection. See Rule 46 FRCP.

3) Pltfs' submission dated Nov. 7, 2011, not Nov. 9, 2011 entitled Pltfs' Objections were cc'd to; Judge Amon, MJ Bloom and Kantor. Paragraph (2) is a clear reference to Judges Townes' Order for pltf to "see docket sheets for non received M+O's." The Courts assumption that pltfs correspondence is <u>addressed</u> to Judge Amon is in error, when in fact the Objection is not <u>addressed</u> to anyone, but obviously with the cc's to

- 2 -

Judge Amon, Judge Bloom, and Kanton the Objection is intended for Judge Townes.

4) Pltf objects that she failed to "identify adequately the ruling to which objection is made or to articulate the legal ground for making the objection. Pltf clearly referenced the Objection in paragraph (5) to FRCP 37, 26, 30 and pltfs Constitutional rights, which are the I, IV, and V Amendments.

5) Pltfs objection is not in response to defts' alleged pre-motion conference dated Nov. 8, 2011, and there is not even a remote possibility in that pltfs Objections are dated Nov. 7, 2011.

### Conclusion

1) Pltfs submission is dated Nov. 7, 2011 and not Nov. 9, 2011.
2) Pursuant to FRCP 30 pltfs' medical emergency and early deposition termination is within the law.
3) Pursuant to FRCP 26 and 33 pltf has submitted objections in writing and orally, which is her right per law. Pltfs notes, at the deposition, is irrelevant to parties defenses.
4) Pursuant to FRCP 30 the Courts "warning" and threat to dismiss pltfs case under Rule 37 of FRCP is not only "inhumane", but also in violation of FRCP 30.

-3-

5) The Courts requirement that pltf did not produce a doctor's note does not comply with any FRCP statute, and had pltf sought medical care for signs and symptoms which developed in the morning of Oct. 31, 2011 date of deposition, pltf would not have appeared at the deposition at all. In addition pltf is a Registered Nurse legally bound by the Nursing Process, which is presented to a doctor to formulate his/her medical Process.

6) The Courts ruling precluding pltf from submitting medical or mental health care records for pltfs failure to produce executed releases is in violation of FRCP 26, and 37, which defts have failed and refused, to respond to pltfs requests; pltf has requested the Courts assistance in Subpoena's and Motion to Compel discovery for both parties interest. Pltf has not been granted access to her medical records to determine if the records are necessary for support of her complaint. The Court has not responded to pltfs numerous requests and inquiries.

7) Pltf has submitted a Motion to MJ Bloom dated Nov. 9, 2011, which consisted of Motion to Compel discovery/terminate, and/or Protective Order, which evoked no response.

Ann Burt
196-15C 65th Cres 1B
Fresh Meadows NY 11365

Dated: Fresh Meadows, NY
November 26, 2011
cc: Alesia Kantor

-4-

2nd Submission

COPY

United States District Court
Eastern District of New York

Ann Burton,
       Plaintiff,
  -against-

Silvercrest Center for Nursing
and Rehabilitation, et al.,
       Defendants.

Notice of Motion
11-CV-1417 (SLT)(LB)

Hon. Lois Bloom,

    Please take notice that upon the annexed affirmation of Ann Burton, affirmed on November __, 2011, the pleadings herein, pltf will move this Court, before Lois Bloom, United States District/Magistrate Judge, for an order pursuant to Rules 26, 32, 37 of the Federal Rules of Civil Procedure granting Motion to Compel Discovery production from Silvercrest Center for Nursing and Rehabilitation, et al.; AFGE 1988, et al.; Eric Shinseki et al.; White Glove Placement, et. al.; N.Y.S. Department of Labor et al.; State Education Department, Office of Professional Discipline, et al.; which pltf has made a good faith effort to obtain, because in the absence of discovery information pltf is unable to complete employment applications. Pltf submitted four interrogatory and discovery responses to 11-CV-1417 defts, which evoked no response.

-1-

Pltf also moves the Court to honor objections to disclosures and discovery requested by 11-cv-1417 defts, which are inconvenient, unduly burdensome, irrelevant to defense of pltfs' claim, and which can be obtained by other means, eg: Dr Tristan's address via "411" call.

Pltf moves the Court for a Protective Order for confidential information eg: my daughters information, and physicians and medical information, and for defts to respond to pltfs Confidentiality Stipulation.

In light of the bad faith fraudulent, non beneficial deposition, which Alesia Kanton demanded "Yes" or "No" answers, pltf moves the Court to order that the Discovery/ Deposition not be had.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted
Ann Benton Pro Se
196-15E 65th Crescent #1B
Fresh Meadows, NY 11365

Dated: Fresh Meadows, NY
November 9, 2011

-2-

2ND Submission

COPY

U.S. District Court
E.D.N.Y.

Ann Burton,
       Pltf,
  - against -

Silvercrest Center for Nursing
and Rehabilitation, et. al.,
       Defts.

Objection to Deposition
Testimony and Exhibits

11-CV-1417 (SLT)(LB)

Judge Townes:

Pltf objects to Deposition Testimony and exhibits on the following grounds:

1) Notice of Deposition was illegal, fraudulent, and contained false representation, and omission of fact.

2) Failure to designate the testimony that the party intended to introduce, and question pltf.

3) Alexia Kantor lied and stated in Notice that Darlene Wutzman and Marie Mitchell would depose pltf; as if Alexia Kantor is an entity, which pltf should fear, ha.

4) Deposition was conducted in bad faith, and Alexia Kantor demanded "Yes" or "No" answers, as well as demanded answers per her unit of measure of time.

5) Alexia Kantor deposed pltf on irrelevant "post termination" personal matters, such as who has pltf's com-

-1-

2nd Submission

puter, and where does that person reside.
6) Alesia Kantor badgered pltf, and ignored pltfs' objections.
7) Alesia Kantor, illegally seized pltfs' property, a handwritten medical statement to explain pltfs' request for early deposition termination, for medical emergency, and made pltfs' property "Exhibit B," despite pltfs' objection, which violated pltfs' constitutional rights.
8) Alesia Kantor conducted a deposition, which was intended to annoy, embarass, and oppress pltf, with lies to MJ Bloom, and inflammatory, defamatory and derogatory comments, e.g.: "has anyone told you that you have a memory problem...", and "you are a registered nurse and you do not know your physicians specialty..."
9) Violations of FRCP 26, 30, 37, and Amendments 1, IV, and V.

I declare under penalty of perjury the foregoing is true and correct.

Wm Burk
196-15e 65th Cres 1B
Fresh Meadows, NY 11365

Dated: Fresh Meadows, NY
November 15, 2011

cc: Alesia Kantor
via 1st Class USPS Mail

-2-

2nd Submission

Copy ✓

United States District Court
Eastern District of New York

Ann Burton,
        Plaintiff,

– against –

Silvercrest Center for
Nursing and Rehabilitation,
et al.,
        Defendants.

Notice of Motion to
Terminate Deposition,
and Compel Discovery/
Document Production,
and for Protective Order.

11-CV-1417 (SLT)(LB)

Judge Townes,

    Please take notice that upon the annexed affirmation of Ann Burton on November 15, 2011, and upon the exhibits attached thereto, and the pleadings herein, pltf will move this Court, before Judge Townes, United States District Judge, for an order pursuant to Rules 26-32, and 37 of the Federal Rules of Civil Procedure granting:

1. Motion to Compel Discovery Production from Silvercrest Center for Nursing and Rehabilitation, et. al.; AFGE 1988, et. al.; Eric Shinseki et. al.; White Glove Placement, et.al.; N.Y.S. Department of Labor et. al.; State Education Department, Office of Professional Discipline, et. al.; Dr. Russell Backhardt, Ear, Nose, & Throat, 738 Franklin Avenue, Franklin Square, NY 11010, and Dr.

-1-

## 2nd Submission

Da Cunha Tristan, Jamaica Medical Care, 172-06 Jamaica Ave, Jamaica, NY 11432, and The City of NY, Dept of Health, N.Y.P.D., Dept of Environment Protection, 311, and 911.

2. Silvercrest Center for Nursing and Rehabilitation, et. al.; deposed pltf regarding the aforementioned parties and documentary evidence, which was stolen, and which pltf has been unable to access. In the absence of the said discovery and order pltfs rights are hindered.

3. Pltf submitted form interrogatory and discovery responses to 11-CV-1417 defts, which evoked no response.

4. Pltf moves the Court to address pltfs objections to the 11-CV-1417 defts failure to respond to pltfs Confidentiality Stipulation, regarding medical release or authorization, and stolen documents.

5. Pltf moves the Court to terminate the discovery on the grounds that it was conducted in bad faith; with a fraudulent Notice of Deposition; deposed irrelevant questions, eg: a computer purchased after termination, my daughters name and address, and when pltf married and married name.

-2-

2nd Submission

6. Pltf moves the Court to terminate the deposition and discovery on the grounds that it is being conducted in bad faith, and a manner that unreasonably annoys, embarasses, or oppresses pltf, eg: Alesia Kanter asked, "Has anyone told you that you have a memory problem?," and that pltf is a Registered Nurse and does not know what is the specialty of my physicians.

7. Pltf moves the Court to terminate the deposition and discovery on the grounds that questions conducted are unduly burdensome, and can be obtained by other means, eg: "411" for physicians addresses, other civil actions which even Judge Bloom had to order Alesia Kanter to access the "public record."

8. Pltf moves the Court to terminate the deposition and discovery on the grounds that questions conducted were non-beneficial, and pro Alesia Kanter demanded "Yes" or "No" answers, which violates discovery Rules.

9. Pltf moves the Court to redact my daughters' personal information from the record.

Despite pltfs medical problems, etc., pltf made a good

-3-

faith effort to attend a bad faith deposition.

WHEREFOR, pltf moves the Court for a Motion to Compel documents and to terminate deposition.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,  
Ann Burton Pro Se  
196-15c 65th Crescent A13  
Fresh Meadows, NY 11365

Dated: Fresh Meadows, NY  
November 15, 2011

I certify that a copy has been mailed via Fed Ex Ac N° 11/05, ~~Class U.S.P.S.~~ mail to defts at Nixon Peabody, 50 Jericho Quadrangle, Ste 300, Jericho, NY 11753, on November 15, 2011.

Ann Burton Pro Se

-4-

p 13