UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANN BURTON,

                Plaintiff,

    -against-

SILVERCREST CENTER FOR NURSING
AND REHABILITATION, *et al.*,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-1417 (SLT) (LB)

**TOWNES, United States District Judge:**

    Over the last three weeks, this Court has received at least four submissions which appear to be addressed to the undersigned. First, on or about November 21, 2011, this Court received a two-page document dated November 18, 2011, and entitled, "Objection to Deposition Testimony and Exhibits" (Docket Entry No. 51). Second, on November 23, 2011, this Court received a three-page document dated November 15, 2011, and entitled "Notice of Motion to Terminate Deposition, and Compel Discovery/Document Production, and for Protective Order" (Docket Entry No. 52). Third, on November 29, 2011, this Court received a document dated November 26, 2011, and entitled "Objection to Order" (Docket Entry No. 54). Finally, this Court received a letter dated November 30, 2011 (Docket Entry No. 56), in which plaintiff appears to seek an extension of time to respond to defendant's letter motion to dismiss (*See* Docket Entry No. 42).

    The first and second of these submissions relate to discovery disputes. Accordingly, these submissions are respectfully referred to Magistrate Judge Bloom to hear and determine pursuant to 28 U.S.C. § 636(b)(1)(A).

    The third submission objects to portions of this Court's Memorandum and Order dated November 18, 2011 (the "November 18 M&O"), which addressed a submission entitled "Plaintiff's Objections" (the "Prior Objections"). This third submission alleges that this Court

erred in stating that the Prior Objections were dated November 9, 2011, and that they were actually dated November 7, 2011. *See* Objection to Order dated Nov. 26, 2011, at 2, ¶ 3, and 3, ¶ 1. In addition, the third submission objects to that portion of the November 18 M&O in which this Court stated:

> [T]o the extent that the instant submission seeks to challenge particular rulings made during the October 31, 2011, telephone conference [involving the parties and Judge Bloom] or in the November 1, 2011, order which summarized those rulings, the submission fails to identify adequately the ruling to which objection is made or to articulate the legal ground for making the objection.

November 18 M&O at 2. Plaintiff states that she objected to "Judge Bloom's order" on October 31, 2011, and that she "clearly referenced the objection in paragraph (5)" of the Prior Objections by citing to "FRCP 37, 26 and 30 and [plaintiff's] Constitutional rights, which are the I, IV and V Amendments." Objection to Order dated Nov. 26, 2011, at 3.

First, this Court wishes to clarify that the November 18 M&O related to the document docketed as Entry No. 46, which was dated November 8, 2011 – not November 7 or November 9. (The Certificate of Mailing, attached thereto, was dated November 9, 2011). This Court is not in possession of a document from plaintiff dated November 7, 2011.

Second, in the interest of avoiding any confusion in the future, this Court will expand on its ruling that the Prior Objections failed "to identify adequately the ruling to which objection is made or to articulate the legal ground for making the objection." In order to make an objection to a magistrate judge's ruling under Rule 72(a) of the Federal Rules of Civil Procedure, a party must serve and file written objections with this Court. Placing oral objections on the record at the conference before the magistrate judge is insufficient. Moreover, the written objections filed with this Court must specifically identify the objectionable ruling(s) and explain the basis for the objection. It is insufficient merely to reference a conference in which various rulings were made

and to list various provisions of the United States Constitution and Federal Rules of Civil Procedure.

Plaintiff's fourth submission, which seeks an extension of time in which to respond to defendant's letter motion to dismiss, is respectfully referred to Magistrate Judge Bloom, who set the scheduling order. *See* Order dated November 17, 2011. In addition, this Court respectfully refers the motion to dismiss itself to Magistrate Judge Bloom for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## *CONCLUSION*

For the reasons set forth above, this Court clarifies that its Memorandum and Order dated November 18, 2011 (Docket Entry No. 49) relates to a document entitled "Plaintiff's Objections," which is dated November 8, 2011, and docketed as Docket Entry No. 46. Plaintiff's "Objection to Deposition Testimony and Exhibits" (Docket Entry No. 51); "Notice of Motion to Terminate Deposition, and Compel Discovery/Document Production, and for Protective Order" (Docket Entry No. 52); and letter dated November 30, 2011 (Docket Entry No. 56) are all respectfully referred to Magistrate Judge Bloom to hear and determine. Defendants' letter motion to dismiss (Docket Entry No. 42) is respectfully referred to Magistrate Judge Bloom for a report and recommendation.

**SO ORDERED.**

/ SANDRA L. TOWNES
United States District Judge

Dated: December 7, 2011
Brooklyn, New York

3