UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANN BURTON,

                      Plaintiff,

    -against-

SILVERCREST CENTER FOR NURSING
AND REHABILITATION, *et al.*,

                      Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-1417 (SLT) (LB)

**TOWNES, United States District Judge:**

    This is the first of two *pro se* cases brought by plaintiff Ann Burton against one of her former employers, defendant Silvercrest Center for Nursing and Rehabilitation ("SCNR"), and two SCNR employees, Marie Mitchell and Darlene Weitzman. In this action, plaintiff principally alleges employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. In the second action – *Burton v. Silvercrest Center for Nursing & Rehabilitation*, E.D.N.Y. Docket No. 11-CV-2757 (SLT) – plaintiff alleges that these defendants retaliated against her for filing charges against them with the U.S. Equal Employment Opportunity Commission ("EEOC") and commencing the first action against them.

    As this Court noted in a Memorandum and Order dated November 18, 2011, discovery in this action was contentious. Magistrate Judge Lois Bloom ("Judge Bloom") conducted several conferences and issued numerous orders in an effort to get plaintiff to comply with her discovery obligations. Those efforts proved largely unsuccessful, however, and defendants moved to dismiss this action pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. In a



Memorandum and Order dated December 7, 2011, this Court referred defendants' motion to Judge Bloom for a report and recommendation.

On February 2, 2012, Judge Bloom issued her report and recommendation (the "R&R"). In that R&R, Judge Bloom recounted her extensive efforts to make plaintiff comply with discovery orders and to complete her deposition. Judge Bloom then recommended that this Court dismiss the instant action pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. The R&R expressly advised plaintiff that she had 14 days from service of the R&R in which to file objections and that failure to file timely objections would generally result in waiver of further judicial review. *See* R&R at 10. According to the docket sheet, Judge Bloom's R&R was served on plaintiff by mail on February 3, 2012. To date, this Court has received no objections from plaintiff.

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Accordingly, this Court has reviewed the R&R for clear error on the face of the record. The Court finds no clear error, and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## *CONCLUSION*

For the reasons stated above, Magistrate Judge Bloom's Report and Recommendation dated February 2, 2012, is adopted in its entirety, and this action is dismissed pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff in accordance with this Memorandum and Order and to close this case.

**SO ORDERED.**

/ SANDRA L. TOWNES
United States District Judge

Dated: April 9, 2012
Brooklyn, New York

3